UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-2454(DSD/LIB)

James Blue Thunder,

       Petitioner,

v.                                                                        **ORDER**

Brian J. Jett, Warden, and
the United States Parole
Commission,

       Respondent.


This matter is before the court upon the pro se objections of petitioner James Blue Thunder (Blue Thunder) to Chief Magistrate Judge Raymond Erickson's August 12, 2010, report and recommendation. The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).

The background of this matter is fully set out in the report and recommendation, and the court summarizes only the facts necessary to this review. Blue Thunder was convicted of murder and sentenced to life imprisonment in September 1978. In August 1995, Blue Thunder was released on parole. On June 24, 1998, the United State's Parole Commission (Commission) revoked Blue Thunder's parole for fraud, violation of a special condition, assault, and sodomy or unlawful sexual contact with a minor.

The instant petition is the third challenge by Blue Thunder to the revocation of his parole. On November 7, 2001, Blue Thunder

filed a 28 U.S.C. § 2241 habeas corpus petition challenging the revocation on several grounds, including that the Commission lacked jurisdiction and that his parole was revoked based on false statements. On May 17, 2002, the United States District Court for the District of Colorado denied the petition. See Blue Thunder v. Gallegos, No. 01-WM-1965 (D. Colo. May 17, 2002) (unpublished order). In June 2004, Blue Thunder filed a second § 2241 petition, claiming that probation officer E. Maureen Janssen (Janssen) concealed material information at his parole revocation hearing. See Blue Thunder v. U.S. Parole Comm'n, 165 Fed. App'x 666, 667 (10th Cir. 2006). The district court dismissed the petition as an abuse of the writ. See id. (affirming dismissal).

On September 9, 2009, Blue Thunder filed the instant § 2241 petition, challenging the Commission's jurisdiction to revoke his parole, claiming Janssen suppressed material information at the revocation hearing, asserting violations of due process, and requesting an evidentiary hearing. See ECF No. 1. On August 12, 2010, the magistrate judge recommended denying Blue Thunder's petition as successive and an abuse of the writ. Blue Thunder objected, arguing that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not apply to his petition, that he need not have raised claims that the government suppressed evidence

in his 2001 petition, that he has made a colorable showing of actual innocence, and that he is entitled to an evidentiary hearing.[1]

After a de novo review, the court finds that the magistrate judge correctly determined that Blue Thunder's petition is successive and an abuse of the writ. See Weaver v. Bowersox, 241 F.3d 1024, 1029 (8th Cir. 2001) (AEDPA applies to habeas petitions filed after Act's effective date); McCleskey v. Zant, 499 U.S. 467, 494-95 (1991) (abuse of writ); Cook v. Lockhart, 878 F.2d 220, 222 (8th Cir. 1989) (evidentiary hearing not required). Accordingly, **IT IS HEREBY ORDERED** that Blue Thunder's objections [Doc. No. 31] to the report and recommendation [Doc. No. 30] are overruled, and the court adopts the report and recommendation in full.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 23, 2010

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court

---

[1] The court liberally construes pro se filings. Earl v. Fabian, 556 F.3d 717, 723 (8th Cir. 2009).