UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-2454(DSD/LIB)

James Blue Thunder,

       Petitioner,

v.                                     **ORDER**

Brian J. Jett, Warden and
U.S. Parole Commission,

       Respondents.

    James Blue Thunder, #90115-132, Lexington Federal Medical Center, P.O. Box 14500, Lexington, KY 40512, pro se.

    Gerald Wilhelm, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for respondents.

This matter is before the court upon the pro se motion for Rule 60(b) relief by petitioner James Blue Thunder. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

The background of this matter is fully set out in the magistrate judge's August 12, 2010, order, and the court recites only those facts necessary for the disposition of the instant motion. On September 25, 1978, in the District of South Dakota, Blue Thunder was convicted of murder, in violation of 18 U.S.C.

§§ 1111 and 1153. The conviction and sentence were affirmed on direct appeal. See United States v. Blue Thunder, 604 F.2d 550, 552 (8th Cir. 1979).

On August 14, 1995, Blue Thunder was released from custody. Thereafter, on June 24, 1998, the United States Parole Commission (Commission) revoked Blue Thunder's parole for numerous violations, including fraud, assault and sodomy or unlawful sexual contact with a minor. See ECF No. 13-2, at 16-17. The Commission denied Blue Thunder's administrative appeal. Id. at 52.

On November 7, 2001, Blue Thunder filed a 28 U.S.C. § 2241 habeas corpus petition in the District of Colorado, challenging the revocation and arguing that the Commission lacked jurisdiction and that his revocation was based on false statements. The petition was denied on May 17, 2002. See Blue Thunder v. Gallegos, No. 01-cv-1965 (D. Colo. May 17, 2002) (unpublished). Thereafter, Blue Thunder filed a second § 2241 petition, which was denied on June 17, 2005. See Blue Thunder v. U.S. Parole Comm'n, No. 05-cv-370 (D. Colo. Jun. 17, 2005) (unpublished). The Tenth Circuit affirmed, explaining that Blue Thunder's argument – that probation officer E. Maurren Janssen concealed material information at the 1998 parole revocation hearing - was raised in his first attempt at habeas relief and

therefore his second filing was an abuse of the writ.  See Blue Thunder v. U.S. Parole Comm'n, 165 F. App'x 666, 667-68 (10th Cir. 2006).

On September 9, 2009, Blue Thunder filed a § 2241 petition in the District of Minnesota, again alleging due process violations and arguing that Janssen suppressed material information.  On August 12, 2010, Chief Magistrate Judge Raymond Erickson recommended denying Blue Thunder's petition. Specifically, the magistrate judge determined that the petition was an improper successive attempt at habeas relief.  The court adopted the magistrate's report and recommendation on September 23, 2010.  Thereafter, on April 11, 2013, Blue Thunder filed a Rule 60(b) motion for relief from the court's order dismissing the September 9, 2009, habeas petition.

**DISCUSSION**

Blue Thunder seeks relief under Rule 60(b)(6).[1]  "Relief is

---

[1] Blue Thunder, however, relies on newly discovered evidence.  See Pet'r's Mot. 6, ECF No. 37 ("Blue Thunder claims EXHIBITS A & B ... are newly discovered evidence ...."). When, as here, the movant files a Rule 60(b)(6) motion, but argues that newly discovered evidence warrants relief from the judgment, the court should recharacterize the motion as one brought pursuant to Rule 60(b)(2).  See In re Grand Jury Subpoena Directed to Dakota Cheese, Inc., 923 F.2d 576, 577 (8th Cir. 1991).  A Rule 60(b)(2) motion, however, must be brought "no more than a year after entry of the judgment."  Fed. R. Civ.
(continued...)

3

available under [that subsection] only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (citation omitted).

When addressing a Rule 60(b) motion challenging the denial of a § 2241 habeas petition, the court first examines whether the motion is an abuse of the writ. See Phelps v. U.S. Fed. Gov't, 15 F.3d 735, 737-38 (8th Cir. 1994) (upholding the summary dismissal of a federal inmate's third § 2241 habeas petition). "A district court can dismiss as abusive a habeas petition asserting new and different grounds for relief if the grounds were available but not relied on in an earlier petition." Nachtigall v. Class, 48 F.3d 1076, 1079 (8th Cir. 1995) (citation and internal quotation marks omitted). Despite arguing that new evidence exists, Blue Thunder relies on two documents that predate the commencement of this habeas petition on September 9, 2009. See Pet'r's Mot. 6, ECF No. 37 ("Blue Thunder asks this court to take judicial notice of the date on EXHIBIT A which is dated October 18, 2002, and of the date on

---

[1](...continued)
P. 60(c)(1). The present motion was not filed within one year of the judgment becoming final. As a result, the motion is untimely, and this alone warrants denial of the motion.

EXHIBIT B which is datged [sic] October 23, 2006."). As a result, the court concludes that the current motion is an abuse of the writ. See Fischer v. Cruz, No. 07-4556, 2007 WL 4373108, at *2 (D. Minn. Dec. 13, 2007) (Boylan, C.M.J.) (finding that petitioner abused writ by "attempting to challenge the duration of his confinement by federal authorities based on claims that were raised, or could have been raised, in a prior § 2241 habeas proceeding").

Even if the motion was not an abuse of the writ, the claimed new evidence does not provide a basis for Rule 60(b) relief. Blue Thunder argues that the Commission improperly concluded that he committed new criminal conduct, as he was not formally charged with such conduct prior to his revocation. The Commission, however, need not rely on a "new federal, state, or local conviction," and it may make "an independent finding" regarding whether new criminal conduct occurred. 28 C.F.R. § 2.21; see also id. § 2.19(c) (explaining that "[i]f the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard"). In other words, the Commission is authorized to make an independent finding of new criminal conduct and is not required to rely on charging documents. See Whitehead v. U.S. Parole Comm'n, 755 F.2d 1536, 1537 (11th Cir.

5

1985) (per curiam) ("[E]ven if there had been an acquittal on the criminal charge, the conduct can be the basis of parole revocation."); Briggs v. U.S. Parole Comm'n, 736 F.2d 446, 449 (8th Cir. 1984) ("The Parole Commission has broad discretion to consider the overall circumstances of the prisoner's offense behavior .... [and] may consider unadjudicated charges, charges in dismissed counts of an indictment, or even evidence of crimes of which the accused has been acquitted." (citations omitted)). As a result, the Commission was authorized to make an independent determination as to whether Blue Thunder committed new criminal conduct.  Therefore, for this additional reason, Rule 60(b) relief is unwarranted, and the motion is denied.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the petitioner's motion for Rule 60(b) relief [ECF No. 37] is denied.

Dated:  August 19, 2013

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court